RAVENNA (CITY), PLAINTIFF-APPELLEE, *v.* IVEC, JR., ET, DEFENDANTS-APPELLANTS.

Ohio Appeals, Seventh District, Portage County.

No. 290.  Decided November 29, 1963.

*Mr. Joseph Giulitto*, prosecutor, for plaintiff-appellee.

*Mr. Sheldon P. Weitzman* and *Mr. S. Martin Kirsh*, for defendants-appellants.

BROWN, P. J.   Section 715.63, Revised Code, which authorizes municipal corporations to license hawkers and peddlers, exempts manufacturers as to "articles manufactured by him."

Section 715.64, Revised Code, authorized municipal corporations to license persons (among others) "who travel from place to place about such municipal corporation," and who "sells, bargains to sell, or solicits orders for goods, wares, or merchandise by retail." This section exempts persons selling by sample only and products offered for sale by the producer.

The City of Ravenna passed an ordinance requiring canvassers and solicitors to be licensed and exempting persons selling by sample only and agricultural products offered by the purchaser.

Defendants-appellants, Stanley G. Ivec, Jr., and Richard A. Schauer, were soliciting orders for the American People's Encyclopedia in the City of Ravenna, Ohio. The American People's Encyclopedia is published by the Grollier Society which has its principal place of business at 575 Lexington Avenue, New York 22, New York.

Orders are solicited by means of certain printed advertising literature and a prospectus, which is a single bound volume, bound in the same fabric, color and size and containing the same quality paper and printing as are the American People's Encyclopedia. The prospectus contains exact copies of numerous articles which may be found in the various volumes of the American People's Encyclopedia.

After orders are taken by the company's salesmen, they are sent through the Cleveland, Ohio, district branch office to

New York City where the order is filled and the encyclopedias shipped directly to the customer. Stanley Ivec and Richard Shauer did not have a license from the City of Ravenna permitting them to solicit.

A patrolman of the Ravenna Police Department arrested Stanley Ivec and Richard Schauer, charged them with violating Ravenna City Ordinance Section 511.02, and incarcerated them in the Ravenna City Jail where they remained until about noon of the next day when they were released upon the posting of bail in the amount of $250.00 each.

Appellant argues that the ordinance is unconstitutional as being an unreasonable restraint under the Commerce Clause of the United States Constitution.

This court is of the opinion that the restraint relates to a matter of local concern which is well within the rule laid down in *California* v. *Thompson*, 313 U. S., 109, and is not an unreasonable restraint of interstate commerce.

The appellants argue that they fall within the exemptions of Sections 715.63 and 715.64, Revised Code.

The stipulation does not state facts indicating that the defendants are manufacturers, or agents for the manufacturers, of the article or product in question. Hence they do not fall within the exemption of Section 715.63, Revised Code.

Nor is an attempt to solicit orders for future delivery by displaying printed advertising material in a prospectus which is in appearance identical to one of the volumes of the set of books offered for sale, and which contains therein reproductions of articles from its set, a sale by sample.

A sale by sample involves a contract or agreement to sell or produce goods of a like patern equal to the sample. 1 Williston on Sales, Revised Edition, Sections 250 and 251.

The prospectus in this case was not a sample nor is it stipulated that any agreement was entered into to deliver books equal to the prospectus. If the prospectus were a sample, Williston points out in 1 Williston on Sales, Revised Edition, Section 252, that the mere exhibition of a sample does not make the transaction a sale by sample. There must be an intention to contract that the bulk shall be equal to the sample.

Since the defendants do not fall within the exemptions of Sections 715.63 and 715.64, Revised Code, it becomes unnecessary for us to decide whether the ordinance is unconstitutional on the grounds that it fails to exempt some parties exempted by those statutes.

Judgment affirmed.

FRANCE and JONES, JJ., concur.